UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY M. ALLOVIO, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Case No. 11-01851 (RJL)
)
ERIC H. HOLDER, JR., )
United States Attorney General, )
)
Defendant. )
)

MEMORANDUM OPINION
(February 8, 2013) [# 11]

**FILED**
FEB 1 1 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiffs are 34 current or retired agents with the Federal Bureau of Investigation ("FBI"). Plaintiffs bring this case against defendant United States Attorney General Eric H. Holder, Jr. in his official capacity as the agency head who oversees the FBI. Plaintiffs claim that the FBI violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, by instituting a policy that limits the term of field positions held by grade GS-14 Supervisory Special Agents ("SSAs") to five years. Before the Court is defendant's Motion to Dismiss in Part, Or, In the Alternative, For Partial Summary Judgment ("Def.'s Mot.") [Dkt. # 11]. This motion has two parts: (1) defendant has moved for dismissal, or in the alternative for summary judgment, against the claims of eighteen of the thirty-four plaintiffs; and (2) defendant has moved to dismiss all plaintiffs' disparate-impact claims for lack of subject matter jurisdiction. Upon consideration of the parties' pleadings and the relevant law, the Court GRANTS IN

1

PART and DENIES IN PART defendant's Motion for Partial Summary Judgment against the specified plaintiffs and GRANTS defendant's Motion to Dismiss in Part as to all plaintiffs' disparate-impact claims.

## BACKGROUND

In 2004, the FBI announced a new policy called the Field Office Supervisory Term Limit Policy ("the Policy"). Compl. ¶ 7 [Dkt. # 1]; *see also* EC Dated 4/1/2004 ("Policy"), Def.'s Mot., Ex. A [Dkt. # 11-1]. The policy established a five-year term limit to field positions held by GS-14 SSAs. Compl. ¶¶ 7, 9; Policy at 1-2.[1] The Policy stated that the term limit was imposed to ensure that SSAs obtained the FBI headquarters experience necessary for career advancement. Policy at 1. At the end of the term limit, the Policy prohibited affected SSAs from retaining their current positions but provided these supervisors with multiple career options. Compl. ¶¶ 1, 6, 9. These options included: (1) applying for a promotion to a higher grade position at FBI headquarters in Washington, DC or in the field; (2) accepting a lateral transfer or temporary duty assignment at FBI headquarters; or (3) returning to investigative duties as a non-supervisory agent. *See* Compl. ¶ 9; *see also* Policy at 3, 6-7.[2]

---

[1] Although the FBI announced the policy in April 2004, Policy at 1, the FBI later delayed its implementation until June 3, 2004. EC Dated 2/22/2006 ("2006 Policy Update"), Def.'s Mot., Ex. C at 1 [Dkt. # 11-3]. Further, the policy provided existing SSAs with an additional grace period, as determined by a supervisor's tenure. Compl. ¶ 9; Policy at 2.

[2] The FBI also notified all affected agents in writing approximately one year prior to a term's expiration and explained the available career options. Def.'s Statement Material Facts Not in Dispute ("Def.'s Statement") ¶ 5 [Dkt. # 11]; 2006 Policy Update at 2. In November 2008, the FBI amended the policy to extend the term limit to seven years.

When the FBI announced the policy in 2004, all thirty-four plaintiffs were serving as GS-14 SSAs at various FBI field offices and were over 40 years old. Compl. ¶¶ 4, 6. According to the defendant, eighteen of the thirty-four plaintiffs fall into one or more of the following three categories:[3]

### 1. Identical Claims Dismissed or Pending in Related Actions

Four of the plaintiffs in this case were plaintiffs in two related actions, *Allard v. Holder*, Civ. Action No. 10-2081 (D.D.C. filed Dec. 7, 2010) and *Hasychak v. Holder*, Civ. Action No. 11-2135 (D.D.C. filed Nov. 30, 2011). The complaints in *Allard*, *Hasychak*, and this case are virtually identical. *Compare Allovio* Compl., *with Hasychak* Compl., *and Allard* Compl.; *see also* Mem. of P & A in Supp. of Def.'s Mot. to Dismiss in Part or, in the Alternative, for Partial Summ. J. ("Def.'s Mem") at 10, 19 n.5 [Dkt. # 11] (comparing language in complaints). In *Allard*, plaintiff Kenneth Powers was dismissed from the lawsuit on January 10, 2012 because his voluntary retirement did not constitute an adverse employment action. *See Allard v. Holder*, 840 F. Supp. 2d 269, 277-78 (D.D.C. 2012). Plaintiffs Robert Hart, Paul Sciolino, and Kenneth Soohoo were plaintiffs in *Hasychak*. *See Hasychak* Compl. at 1. On March 20, 2012, all plaintiffs filed a stipulation of dismissal with prejudice in both *Allard* and *Hasychak*. *See* Stip. of Dismissal [*Allard* Dkt. # 30]; Stip. of Dismissal [*Hasychak* Dkt. # 14].

---

Compl. ¶ 10; Def.'s Statement ¶ 7.

[3] These eighteen plaintiffs are Jeffrey Allovio, Elise Amico, Michael Carbonell, Joseph Conli, Dwayne Gibson, John Gliatta, Robert Hart, Manuela Lieber, Philip Neilson, Edward Nowicki, Michael O'Reilly, Kenneth Powers, Paul Sciolino, Larry Sellers, Stephen Silvern, Ken Soohoo, John Stubing, and Steven Winters.

3

### 2. Failure to File Timely Civil Action after EEO Complaint

Plaintiffs Jeffrey Allovio, Elise Amico, John Gliatta, Robert Hart, Philip Neilson, Edward Nowicki, Larry Sellers, Stephen Silvern, John Stubing, and Steven Winters filed EEO complaints based on the policy. *See* Def.'s Statement ¶¶ 10-13, 19-20, 24-25, 28-29, 31-32, 37-38, 40-41, 44-45, 47-48. These complaints were forwarded to the Department of Justice, which issued a Final Agency Decision informing these plaintiffs of their right to file a civil action in United States District Court within ninety days of receiving their respective notice. *Id.*[4] The most recent of these DOJ Final Agency Decisions was dated July 18, 2011. *Id.* ¶ 29. The current action was not filed until October 19, 2011, over ninety days later. Compl. at 1.

Plaintiffs Dwayne Gibson and Michael O'Reilly failed to file an EEO complaint based on the policy. *See* Decl. of P. Sean Murphy ("Murphy Decl.") ¶¶ 4-5 [Dkt. # 11-25].

### 3. Lack of Adverse Employment Action

Plaintiff Larry Sellers was promoted from his GS-14 SSA position to a GS-15 Video Program Manager position in August 2006, seven months before the expiration of his term limit under the policy. *See* Sellers Sworn Statement, Def.'s Mot., Ex. N at 3.

Plaintiff Joseph Conli received a lateral transfer to a GS-14 SSA position at FBI Headquarters effective February 1, 2009, over two years prior to the expiration of his

---

[4] The dates of plaintiffs' Final Agency Decisions are as follows: Allovio on June 10, 2011, *id.* ¶ 11; Amico on May 18, 2011, *id.* ¶ 13; Gliatta on July 13, 2011, *id.* ¶ 20; Hart on July 13, 2011, *id.* ¶ 25; Neilson on July 18, 2011, *id.* ¶ 29; Nowicki on May 18, 2011, *id.* ¶ 32; Sellers on May 18, 2011, *id.* ¶ 38; Silvern on July 13, 2011, *id.* ¶ 41; Stubing on June 18, 2011, *id.* ¶ 45; and Winters on May 18, 2011, *id.* ¶ 48.

term limit on June 15, 2011. Decl. of Rolf O. Gjertsen ("Gjertsen Decl.") ¶ 4. Thereafter, Conli was promoted to a GS-15 Unit Chief and later returned to a GS-14 SSA position. *Id.*

Plaintiffs Michael Carbonell, Robert Hart, M. Lu Lieber, Edward Nowicki, Stephen Silvern, John Stubing, and Steven Winters retired from the FBI as GS-14 SSAs. *See* Carbonell Sworn Statement, Def.'s Mot., Ex. F at 2; Hart Sworn Statement, Def.'s Mot., Ex. V at 4; Lieber Sworn Statement, Def.'s Mot., Ex. I at 1; Nowicki Sworn Statement, Def.'s Mot., Ex. L at 2; Silvern Sworn Statement, Def.'s Mot., Ex. P at 3; Stubing Sworn Statement, Def.'s Mot., Ex. R at 2; Winters Sworn Statement, Def.'s Mot., Ex. T at 2.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing summary judgment "may not rest upon the mere allegations . . . of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)). If and when the nonmoving party offers evidence in response to the motion, that evidence "is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255 (internal citation omitted).

A court may also dismiss a complaint, or any portion of it, that does not fall within

the court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where a motion to dismiss under Rule 12(b)(1) makes a facial attack on the complaint, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Ord v. District of Columbia*, 587 F.3d 1136, 1140 (D.C. Cir. 2009) (internal citation and quotation marks omitted). "Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).

## ANALYSIS

Defendant's motion asks this Court to take two actions. First, defendants move to dismiss or enter summary judgment against eighteen of the thirty-four plaintiffs for precluded claims, untimely filings, and/or lack of adverse employment actions. Second, defendants move to dismiss all plaintiffs' disparate impact claims for lack of subject matter jurisdiction. For the reasons stated below, the Court grants in part and denies in part defendant's motion for summary judgment against the eighteen specified plaintiffs and grants defendant's motion to dismiss plaintiff's disparate impact claims.

### I. Defendant is Entitled to Partial Summary Judgment Against Fourteen of Thirty-Four Plaintiffs

Defendant identifies three procedural errors that warrant summary judgment against fourteen of the thirty-four plaintiffs.[5] Because I must rely in part on evidence outside of the pleadings to address this part of defendant's motion, I will treat this part of defendant's motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see*

---

[5] These plaintiffs are Carbonell, Conli, Gibson, Hart, Lieber, Nowicki, O'Reilly, Powers, Sciolino, Sellers, Silvern, Soohoo, Stubing, and Winters.

6

*also Martin v. Locke*, 659 F. Supp. 2d 140, 144-45 (D.D.C. 2009) (converting motion to dismiss into one for summary judgment).

### A. Summary Judgment is Warranted Against Plaintiffs Whose Claims Have Been Litigated in Previous Cases

First, summary judgment is warranted against the plaintiffs whose claims have been aired in earlier cases before me. It is a fundamental principle that dismissal with prejudice bars a plaintiff from filing a new case based on the same claim, pursuant to the principle of *res judicata*. *See Green Aviation Mgmt. Co., LLC v. Fed. Aviation Admin.*, 676 F.3d 200, 204-05 (2012); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL §§ 2364, 2367. Because plaintiffs Hart, Sciolino, and Soohoo entered a dismissal with prejudice in the almost identical *Hasychak* matter, their claims cannot be re-litigated here.

Similarly, under the doctrine of collateral estoppel, a party will be precluded from renewing a claim when the same issue was contested in an earlier case, a court actually and necessarily determined the issue, and preclusion would not work any unfairness to the bound party. *Martin v. Dep't of Justice*, 488 F.3d 446,454 (D.C. Cir. 2007) (citing *Yamaha Corp. of Amer. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). In *Allard*, I held that Powers' age discrimination claim—identical to his claim in this case—warranted dismissal because he had not suffered an adverse employment action. *Allard*, 840 F. Supp. 2d at 277-78. Similarly, no unfairness will befall Powers if I deny his attempt to bring the same issue before this Court a second time. As such, Powers must be dismissed from this matter.

7

## B. Summary Judgment is Not Warranted Against Plaintiffs Who Allegedly Failed to File Timely Civil Action after EEO Complaint

Defendant fails to present sufficient evidence of untimeliness to warrant summary judgment as to several plaintiffs. As stated in the final agency decision letters sent to these eleven plaintiffs, a person receiving a final agency decision on an EEO complaint has ninety days after the *receipt* of the decision to file a civil action. *See* 29 C.F.R. § 1614.407(a); *see also, e.g.*, Allovio Compl. Adjudication Letter, Def.'s Mot., Ex. D at 2 ("[Y]ou have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision."). Defendant argues that "[e]leven plaintiffs in the instant case received a Final Agency Decision before July 22, 2011, and therefore their civil complaints are time barred." Def.'s Mem. at 12.[6] I agree.

Ironically, defendant cites precedent from our Circuit that undercuts his argument. *See* Def.'s Mem. at 11 (citing *Woodruff v. Peters*, 482 F.3d 521 (D.C. Cir. 2007)). In *Woodruff v. Peters*, the defendant argued that the plaintiff's disability discrimination claim was untimely because the plaintiff had failed to file his complaint within 90 days of receiving notice of the Final Agency Decision. *Woodruff*, 482 F.3d at 525. The Court rejected this argument because the defendant had failed to present evidence as to when the plaintiff *received* the notice. *Id.* "[T]he burden of proof is on the party claiming the deadline was missed," and the defendant could not meet this burden by presenting only the date the letter was *sent*. *Id.* In this case, the government likewise has presented evidence of only the date the letter was *issued*, not the date the letter was *received*.

---

[6] These eleven plaintiffs are Allovio, Amico, Gliatta, Hart, Lieber, Neilson, Nowicki, Sellers, Silvern, Stubing, and Winters. *Id.*

Absent evidence of receipt, the government has failed to meet its burden to prove untimeliness as to these plaintiffs.

As such, summary judgment must be denied with respect to plaintiffs Allovio, Amico, Gliatta, and Neilson. The remaining plaintiffs against whom defendant alleges untimeliness do not survive summary judgment for other reasons discussed below.

### C. Summary Judgment is Warranted Against Plaintiffs Who Allegedly Failed to File EEO Complaint

Defendant presents evidence that plaintiffs Gibson and O'Reilly failed to file an EEO complaint prior to filing this lawsuit. *See* Murphy Decl. ¶¶ 4-5. "[A]ggrieved persons who believe they have been discriminated against on the basis of . . . age . . . must consult [an EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Because the government presents evidence that Gibson and O'Reilly failed to exhaust this administrative remedy prior to filing this lawsuit, summary judgment against them is warranted. *See Hamilton v. Geithner*, 666 F.3d 1344, 1349-50 (D.C. Cir. 2012) (affirming summary judgment against plaintiff who failed to include claim in EEO complaint prior to filing lawsuit).

### D. Summary Judgment is Warranted Against Plaintiffs Who Did Not Suffer Adverse Employment Action

Defendants correctly observe that several plaintiffs did not experience adverse employment actions warranting relief under the ADEA. An ADEA claim must demonstrate two elements: (1) the plaintiff suffered an adverse employment action; and (2) the action occurred because of the employee's age. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Our Circuit has held that "an employee suffers an adverse

9

employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (internal citation omitted). Further, our Circuit has elaborated that an adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (internal citations and quotations omitted).

As I held in *Allard*, a plaintiff did not suffer an adverse employment action when he sought and received a promotion to a higher grade following the policy. *Allard*, 840 F. Supp. 2d at 275 (citing *Forkkio*, 306 F.3d at 1131). In this case, because plaintiff Sellers received a promotion to grade GS-15 before the expiration of his term limit and retained that position until his retirement, he similarly has failed to demonstrate, as a matter of law, that he suffered an adverse employment action.

I also held in *Allard* that a plaintiff who retained his GS-14 grade and pay following the policy did not suffer an adverse employment action. *Allard*, 840 F. Supp. 2d. at 276. Like the plaintiff in *Allard*, plaintiff Conli received a lateral GS-14 position after the policy was implemented; he subsequently was promoted to a GS-15 position and later moved back to his current GS-14 position. *See* Def.'s Mem. at 16; *see also* Conli Sworn Statement, Def.'s Mot, Ex. G at 4-6. "A purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action." *Brown v. Brody*, 199 F.3d 446, 455-56 (D.C.

Cir. 1999). While Conli states that he felt unwelcome in his new positions, was temporarily denied FBI equipment and work assignments, and believes that the position changes contributed to his divorce, Conli Sworn Statement at 5-9, such unfortunate circumstances do not rise to the level of a materially adverse employment action affecting the terms, conditions, or privileges of employment. *See Allard*, 840 F. Supp. 2d at 275 (quoting *Douglas*, 559 F.3d at 552 and *Sauvage v. Snow*, 413 F. Supp. 2d 1289, 1298-99) (M.D. Fla. 2005)).

Finally, plaintiffs who voluntarily retired from the FBI fail to demonstrate an adverse employment action as a matter of law. "Resignations or retirements are presumed to be voluntary," unless an employee can show that "a reasonable person in the employee's position would have felt compelled to resign under the circumstances." *Aliotta v. Bair*, 614 F.3d 556, 567 (D.C. Cir. 2010) (citations and internal quotation marks omitted). "The voluntariness question . . . turns on things such as: did the person receive information about what would happen in response to the choice? [W]as the choice free from fraud or other misconduct? [D]id the person have an opportunity to say no?" *Id.* at 566-67 (citations and internal quotation marks omitted).

Here, the retired plaintiffs have failed to demonstrate that their retirement was involuntary. While plaintiffs may have faced a tough decision about whether to retire, this tough decision surely does not amount to coercion. *See Allard*, 840 F. Supp. 2d at 278 (citing *Keyes v. District of Columbia*, 372 F.3d 434, 439 (D.C. Cir. 2004)). The FBI offered alternative career options to employees affected by the policy, *see* Policy at 6-7, and plaintiffs have put forth no evidence that the FBI engaged in "fraud or other

11

misconduct" that affected their resignation decision. Absent evidence that plaintiffs truly had "no alternative but to accept" resignation, summary judgment must be granted as to plaintiffs Carbonell, Hart, Lieber, Nowicki, Silvern, Stubing, and Winters. *Keyes*, 372 F.3d at 439 (quoting *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)).

## II. Plaintiffs' Disparate Impact Claims Are Dismissed for Lack of Subject Matter Jurisdiction

While not specific as to types of claims, plaintiffs' complaint appears to allege both disparate impact and disparate treatment discrimination claims. *Compare* Compl. ¶ 8 ("the term limit policy would have a disproportionate impact on Agents who were more than 40 years of age."), *with* Compl. ¶ 9 ("Because the FBI knew that this policy would adversely effect [sic] only Agents who were more than 40 years of age, the decision to implement it constitutes intentional discrimination."). Defendant moves to dismiss plaintiffs' disparate impact claims, to the extent they exist, for lack of subject matter jurisdiction. *See* Def.'s Mem. at 18.

In *Allard*, I held that the ADEA did not authorize disparate impact claims against federal employers. 840 F. Supp. at 278-80. Because plaintiffs' complaint in this case is identical in all material respects to the complaint in *Allard*, I find no reason to depart from my holding in that case. Accordingly, as in *Allard*, plaintiffs' disparate impact claims cannot stand.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Partial Summary Judgment against the specified plaintiffs

and GRANTS defendant's Motion to Dismiss in Part as to the plaintiffs' disparate-impact claims. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge